UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/12/2026_____

In re:

PURDUE PHARMA L.P., *et al.*,

                    Debtors.

---

MARIA ECKE,

                    Appellant,

        -against-

PURDUE PHARMA L.P., *et al.*,

                    Appellees.

No. 25-cv-10420 (NSR)

**OPINION & ORDER**

NELSON S. ROMÁN, United States District Judge:

The Court is in receipt of *pro se* Appellant Maria Ecke's letter motion, dated June 8, 2026, seeking various forms of relief.  (ECF No. 51.)  Specifically, Appellant Ecke seeks (1) leave to amend her pleading; (2) the appointment of pro bono counsel; (3) free access to PACER; and (4) a jury trial pursuant to the Seventh Amendment.  (*Id*. at 2.)  The Court addresses each request in turn.

I.    **Amending Complaint and Jury Trial**

First, Appellant Ecke seeks to amend her complaint.  (ECF No. 51 at 2.)  However, this is a bankruptcy appeal, where the Court is determining whether the Bankruptcy Court's confirmation of the relevant Plan was appropriate.  The Court is unclear as to what complaint Appellant Ecke seeks to amend.  As such, there is no complaint for Appellant Ecke to amend.  Appellant Ecke's

request for a jury trial pursuant to the Seventh Amendment likewise fails because this appeal does not involve the adjudication of claims before a jury.

## II.    Appointment of Pro Bono Counsel

Second, Appellant Ecke seeks appointment of pro bono counsel. (ECF No. 51 at 2.) Unlike in criminal proceedings, the Court does not have the power to obligate attorneys to represent indigent *pro se* litigants in civil cases. *See Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 308–09 (1989). Instead, pursuant to 28 U.S.C. § 1915(e)(1), the Court may, at its discretion, order that the *Pro Se* Office request an attorney to represent an indigent litigant by placing the matter on a list that is circulated to attorneys who are members of the Court's pro bono panel. *See Palacio v. City of New York*, 489 F. Supp. 2d 335, 344 (S.D.N.Y. 2007).

The Second Circuit set forth the standards governing the appointment of counsel in *pro se* cases in *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997), *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989), and *Hodge v. Police Officers*, 802 F.2d 58, 60–62 (2d Cir. 1986). These cases direct district courts to "first determine whether the indigent's position seems likely to be of substance," *Hodge*, 802 F.2d at 61, and then, if this threshold is met, to consider "secondary criteria," including the *pro se* litigant's "ability to obtain representation independently, and his ability to handle the case without assistance in the light of the required factual investigation, the complexity of the legal issues, and the need for expertly conducted cross-examination to test veracity," *Cooper*, 877 F.2d at 172; *accord Hendricks*, 114 F.3d at 392 (quoting *Hodge*, 802 F.2d at 61-62). "Even where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and the Court should determine whether the *pro se* litigant's "position seems likely to be of substance," or shows "some chance of success." *Hodge*, 802 F.2d at 60–61.

Here, Appellant Ecke asserts she is entitled to pro bono counsel, in relevant part, because the Court granted her *In Forma Pauperis* ("IFP") application.  (ECF No. 51 at 2; ECF No. 46.) The grant of IFP status, however, does not entitle a litigant to the appointment of counsel.  Rather, the Court must consider the factors set forth in *Hodge* and its progeny.  Having done so, the Court declines to request pro bono counsel at this time.  Although this appeal arises from a complex bankruptcy proceeding, Appellant Ecke has not demonstrated that the interests of justice favor the appointment of counsel.  Nor has she shown that she is unable to articulate her arguments or otherwise prosecute this appeal without the assistance of counsel.  Indeed, Appellants in this matter—who are all proceeding *pro se*—have submitted opening briefs challenging confirmation of the Plan.  The Court therefore denies Appellant Ecke's request for the appointment of pro bono counsel.

### III.    Free PACER Access

Third, Appellant Ecke seeks free PACER access.  (ECF No. 51 at 2.)  The Judicial Conference of the United States has issued a fee schedule that sets the price for accessing PACER. *See* Electronic Public Access Fee Schedule, Effective January 1, 2020 (Fee Schedule), http://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule.[1]  Paragraph 8 of the Fee Schedule lists the automatic fee exemptions:

- No fee is owed for electronic access to court data or audio files via PACER until an account holder accrues charges of more than $30.00 in a quarterly billing cycle.

- Parties in a case (including *pro se* litigants) and attorneys of record receive one free electronic copy, via the notice of electronic filing or notice of docket activity, of all documents filed electronically, if receipt is required by law or directed by the filer.

---

[1] https://perma.cc/SJ95-6MJG.

- No fee is charged for access to judicial opinions.

- No fee is charged for viewing case information or documents at courthouse public access terminals.

- No fee is charged for Chapter 13 bankruptcy trustees to download quarterly (*i.e.*, once every 90 days) a list of the trustee's cases from the PACER Case Locator.

The Fee Schedule also permits courts to grant additional, discretionary exemptions under limited circumstances. Fee Schedule ¶ 9. A party seeking a discretionary exemption cannot solely rely on her IFP status alone. *Id.*; *see also Oliva v. Brookwood Coram I, LLC*, 2015 WL 1966357, at *1–2 (E.D.N.Y. Apr. 30, 2015) ("[A] party seeking a discretionary exemption [of PACER fees] cannot rely on his [IFP] status alone.") (quotations and citations omitted). Instead, the party must demonstrate that an exemption beyond the automatic exemptions "is necessary . . . to avoid unreasonable burdens and to promote public access to information." *In re Club Ventures Invs. LLC*, 507 B.R. 91, 99–100 (S.D.N.Y. 2014) (citation omitted).

As explained above, Appellant Ecke, as a *pro se* litigant, is entitled to one free electronic copy of all documents filed electronically in this case. Moreover, the Court has mailed all documents on this docket to her. If Appellant Ecke seeks to receive electronic updates from PACER, she must consent to receiving electronic notifications. That said, aside from noting her IFP status, Appellant Ecke alleges no facts suggesting that she will suffer an unreasonable burden without free access to PACER, or that she needs free access to PACER to obtain information about this case. The Court therefore denies her request for free access to PACER.

## CONCLUSION

For the foregoing reasons, Appellant Ecke's requests for leave to amend her complaint, the appointment of pro bono counsel, free access to PACER, and a jury trial pursuant to the Seventh

Amendment are DENIED.  The Clerk of Court is respectfully directed to (1) terminate the motion

at ECF No. 51 and (2) mail a copy of this Opinion and Order to *pro se* Appellant Ecke at the

address listed on the docket.

SO ORDERED.

Dated: June 12, 2026
White Plains, NY

_____
Nelson S. Román, U.S.D.J.